# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARQUES RAWLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N17C-08-163 FWW |
| | ) | |
| THE COMMONS AT STONES | ) | |
| THROW, STONES THROW | ) | |
| CONDOMINIUM ASSOCIATION, | ) | |
| STNC HOLDING CORP., STONES | ) | |
| THROW DEVELOPMENT COMPANY, | ) | |
| STONES THROW OWNERS | ) | |
| ASSOCIATION, INC., AND GABLE | ) | |
| BROTHERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: December 4, 2020
Decided: January 29, 2021

*Upon Defendant The Commons at Stones Throw's Motion for Summary Judgment*
**DENIED in part** and **GRANTED in part.**

## ORDER

Adam R. Elgart, Esquire, Mattleman, Weinroth, & Miller, P.C., 200 Continental Drive, Suite 215, Newark, DE 19713, Attorney for Plaintiff.

Colin M. Shalk, Esquire & Daniella C. Spitella, Esquire, Casarino, Christman, Shalk, Ransom, & Doss, P.A., 1007 North Orange Street, Suite 1100, P.O. Box 1276, Wilmington, DE 19899, Attorney for Defendant The Commons at Stones Throw

**WHARTON, J.**

This 29th day of January, 2021, upon consideration of The Commons at Stones Throw's ("TCST") Motion for Summary Judgment,[1] the Response of Plaintiff Marques Rawls ("Rawls"),[2] and the record in this matter, it appears to the Court that:

1. Before the Court is TCST's motion for summary judgment. Rawls brings this action alleging that he sustained injuries when he fell into a drainage ditch at The Commons at Stones Throw.[3] The Complaint lists seven defendants, six of which appear to be some sort of entity bearing a name related to the condominium complex. The seventh defendant, Gable Brothers, Inc. ("Gable") was the property management company for the property at the time of the incident.[4] After some false starts, including the entries of default judgments,[5] voluntary dismissals of some defendants,[6] and the vacation of one of those dismissals,[7] it appears that TCST stands as the lone remaining defendant.[8]

---

[1] Def. TCST's Mot. Summ. J., D.I. 61.
[2] Pl.'s Resp. to Def. TCSF's Mot. Summ. J., D.I. 63.
[3] Complaint, D.I. 1.
[4] Def. Gable Brothers, Inc.'s Ans., D.I. 21.
[5] D.I. 20.
[6] D.I. 40, 68.
[7] D.I. 45.
[8] D.I. 42, 45. At oral argument, counsel for Rawls and TCST represented that Defendant Gable had been dismissed. No dismissal has been entered on the docket as of the date of this Order, however.

2. Rawls alleges that TCST allowed a dangerous and defective condition to exist, which caused him to fall and suffer injuries, including a fractured wrist and dislocated shoulder.[9] Specifically, he alleges TCST was negligent and/or careless in that it permitted a drainage ditch "to be accessible with no fencing, warning, or lighting so as to make the risk perceptible" thereby violating the standard of care it owed him as a business invitee and causing him to slip and fall.[10] He seeks compensatory and special damages for his injuries sustained from his fall.[11]

3. On August 7, 2020, TCST moved for summary judgment.[12] TCST asserts that Rawls' claim fails because he has not established that TCST owed him a duty or that the culvert was defective and dangerous.[13] Further, TCST argues that even if the condition was defective and dangerous, Rawls has not proffered a liability expert to establish a breach of TCST's standard of care. Finally, TCST argues that if a question of negligence exists, Rawls himself was comparatively negligent.[14]

4. Rawls opposes the motion, arguing that TCST violated its duty to him as a business invitee and further arguing that he was not comparatively negligent.[15]

---

[9] Complaint, D.I. 1.
[10] Id.
[11] Id.
[12] Def. TCST's Mot. Summ. J., D.I. 61.
[13] Id.
[14] Id.
[15] Pl.'s Res. to TCST's Mot. Summ. J., D.I. 63.

3

Rawls asserts that as a business invitee on the property, he was entitled to expect that the premises would be free of any dangerous condition known or discoverable by the possessor of the land.[16] He asserts TCST knew the ditch was a dangerous condition and it should have realized that having such a condition unlighted and unmarked created an unreasonable risk of harm.[17] Finally, he argues that although the Court can make a finding of comparative negligence, the circumstances here do not rise to the level of overwhelming evidence necessary for the Court to make such a determination.[18]

5.     Superior Court Civil Rule 56(c) provides that summary judgment is appropriate if, when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[19] The moving party initially bears the burden of demonstrating that the undisputed facts support its claims or defenses.[20] If the moving party meets its burden, the burden shifts to the non-moving party to show that there are material issues of fact the ultimate fact-finder must resolve.[21] When considering a motion for summary judgment, the

---

[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] Super. Ct. Civ. R. 56(c); *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), aff'd, 140 A.3d 431 (Del. 2016) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680 (Del.1979)).
[20] *Sizemore*, 405 A.2d at 681.
[21] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

4

Court's function is to examine the record, including "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," in the light most favorable to the non-moving party to determine whether genuine issues of material fact exist "but not to decide such issues."[22] Summary judgment will only be appropriate if the Court finds there is no genuine issue of material fact. When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate."[23] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[24]

6.     Rawls was at TCST to attend a surprise birthday party for his wife's cousin. The cousin lived in a townhouse condominium in the complex. The record, which consists in large measure of Rawls' deposition testimony, does not inform the Court whether the wife's cousin was a tenant or owner of the unit where he lived, nor does it inform who invited Rawls to the surprise party. In any event, just prior to the arrival of the wife's cousin, Rawls repositioned his vehicle so as not to give

---

[22] Super. Ct. Civ. R. 56(c); *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).

[23] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-60, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).

[24] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

away the surprise. In his haste to return to the scene of the party, Rawls decided to cut across what he believed to be an open, grassy area, rather than use the sidewalk. Because of the darkness and his unfamiliarity with the terrain, Rawls failed to see the ground sloping towards the ditch. As a result, he fell and injured himself.

7.      On the question of its own liability, TCST's motion argues that Rawls' fall was not caused by a dangerous and defective condition, but rather by the sloping ground near an ordinary drainage ditch commonly found in housing developments.[25] Further, there is no legal authority creating any duty on the part of TCST to warn or protect Rawls from trees, drainage ditches, or sloping ground all of which are commonly found in housing developments.[26] Even if there were some duty owed by TCST to Rawls, he has failed to produce any expert to establish a breach of the standard of care.[27]

8.      At argument, TCST disclaimed any responsibility as an owner or occupier of the land in the general area where Rawls' fall occurred. Instead, TCST contended that it was responsible for repair and maintenance only, and that the real responsible parties were the individual unit owners. As a result, according to TCST,

---

[25] Def. TCST's Mot. Summ. J., at ¶¶ 6, 8, D.I. 61.
[26] *Id.* at §§ 8, 9.
[27] *Id.* at § 10.

Rawls should have sued them instead of TCST.[28] This argument is plainly wrong for at least two reasons. First, TCST is an association of unit owners, 25 *Del. C.* § 81-103(5), which may defend litigation "in its own name … on matters affecting the common interest community." 25 *Del. C.* § 81-302(a)(4). Torts alleged to have occurred on the common elements of the complex affect the common interest community and may be defended by TCST. Suing the unit owners individually likely would result in chaotic litigation with multiple defense counsel engaging in discovery, motion practice and settlement negotiations on behalf of an unknown number of individual defendants. Avoiding those kinds of issues is just one of the reasons condominium home owners associations exist. Second, TCST admittedly was responsible for the maintenance and repair of area where Rawls fell.

9. Rawls argues that, since he was a social guest at the surprise party for his wife's cousin, he was a business invitee on the property.[29] As a business invitee, he was "entitled to expect that the premises would be free of any dangerous condition known to or discoverable by the possessor of land."[30] Next, Rawls locates TCST's

---

[28] By taking the position that it was neither an owner nor occupier of the land, TCST has foregone arguing that Rawls was a guest without payment. As a result, the Court need not address any absence of liability issues under Delaware's Guest Statute, 25 *Del. C.* § 1501.

[29] Pl.'s Resp. to Def. TCST's Mot. for Summ. J. at 2, D.I. 63, (citing *Hoksch v. Stratford Apartments,* 293 A.2d 687 (Del. Super. Ct. 1971)).

[30] *Id.,* (quoting *Kovach v. Brandywine Innkeepers, Ltd. Partnership,* 2000WL 703343, at *5 (Del. Super. Ct. Apr. 2020)).

7

duty to him in § 343 of the Restatement (Second) of Torts, which makes a possessor of land subject to liability for physical injuries caused by the condition of the land only if he :

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.[31]

10. Since it has taken the position that it was neither an owner nor occupier of the property, TCST is ill positioned to challenge Rawls on these points. Thus, the Court is left to conclude that TCST had a duty to Rawls, but only if the conditions precedent for the existence of that duty were present. In other words, the existence of any duty on TCST's part depends on whether TCST: (1) knew of the condition of the premises; (2) should have realized that the condition involved an unreasonable risk of harm to Rawls; (3) should have expected that Rawls would not discover the danger or would fail to protect himself against it; and (4) failed to protect Rawls against the danger.

---

[31] *Id.* at 2-3, (citing Restatement (Second) of Torts, § 343).

11.    There is no dispute that the first and fourth conditions for liability are satisfied. TCST was aware of the existence of the drainage ditch and it did nothing to protect Rawls from falling into it. But, the question of whether TCST should have realized the ditch involved an unreasonable risk of harm to Rawls and that Rawls would not discover that risk or protect himself against it implicates the circumstances attendant to Rawls injury. Had Rawls attempted to cross the open area in daylight, he would have seen the ditch and would have been able to avoid harm. The ditch, as depicted in the photographic exhibits from Rawls' deposition, is open and obvious, and is not an inherently dangerous condition *per se* in daylight. Accordingly, any duty on TCST's part depends on whether it should have realized that the ditch presented an unreasonable risk of harm to people unfamiliar with the ditch attempting to cross the open space in the dark, without being able to discover or avoid it. Put another way, did the unmarked and unlit drainage ditch present an unreasonable risk to business invitees unfamiliar with the area who attempt to cross the field in which it is located in the dark? Should TCST have realized such a risk? Should TCST have expected that a business invitee would not discover or be able to avoid the danger presented by the unlit and unmarked ditch? In the Court's view, there exist genuine issues of material fact that must be resolved in order to answer these questions. Further, the Court is not persuaded that expert testimony is necessary to establish a breach of the standard of care set out in § 343. The circumstances and conditions

9

leading to Rawls injury are sufficiently commonplace that expert testimony is unnecessary.

12. The Court next addresses the second prong of TCST's motion – whether Rawls was comparatively negligent. Rawls was comparatively negligent. As he testified in his deposition, he ran through a grassy field, at night, which was both unmarked and unlit, after admitting to being unfamiliar with the property. This evidence establishes that Rawls did not take reasonable care to protect himself. A lit, marked sidewalk was available was available to him and obviously was a safer and more prudent path of travel. Alternatively, he could have simply walked through the field, or used his phone to light his way. Because of his own negligence, Rawls failed to discover or protect himself against the danger. Moreover, since the description of his conduct comes from Rawls' own deposition testimony, there is no factual dispute about his actions. It will be the jury's job to apportion the comparative degrees of negligence of the parties.

THEREFORE, Defendant The Commons at Stones Throw's Motion for Summary Judgment is **DENIED** in part and **GRANTED** in part.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.